IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ALAN PAGE and JULIE PAGE, )
)
                            Plaintiffs, )
)
vs. )
)
JESSE DUKELISS and RICHNER )
TRUCKING, LLC, )
) No. 4:22-cv-0018-HRH
                           Defendants. )
)

O R D E R

Motion to Dismiss

Defendants Jesse Dukellis[1] and Richner Trucking, LLC move to dismiss plaintiffs' complaint.[2] This motion is opposed by plaintiffs Alan and Julie Page.[3] Oral argument was not requested and is not deemed necessary.

---

[1]Dukellis' name is misspelled as "Dukeliss" in the case caption. See Notice of Removal [etc.] at 1, n.1, Docket No. 1.

[2]Docket No. 15.

[3]Docket No. 18.

Background

Alan Page ("Page") was an owner and/or employee of Tok Automotive Repair.[4] Plaintiffs allege that on November 20, 2019, Page "was 'testing driving' a customer's Ford F-250 after performing maintenance and repairs on the vehicle."[5] Plaintiffs allege that Page was driving "southbound on the Alaska Highway to the Tanana River Bridge" and that he was returning to Tok, Alaska.[6] Plaintiffs allege that on the same day, Dukellis "was operating a 2016 Peterbilt semitractor-trailer rig ... owned" by Richner.[7] Plaintiffs allege that "at, or near mile marker 1306," Dukellis crossed "the centerline directly into" Page's "land of travel[,]" and that Page "attempted to avoid the semi by swerving to the left[,]" but "[t]he vehicles collided."[8] Plaintiffs allege that "[t]he impact totaled both vehicles and seriously injured" Page.[9]

At the time of the accident, the semi that Dukellis was driving was insured by Sentry Select Insurance Company.[10] On February 26, 2021, Sentry, "as subrogee of Richner

---

[4]Sentry Action Complaint at 2, ¶ 6, Exhibit 1, Plaintiffs' Opposition [etc.], Docket No. 18.

[5]Complaint at 2, ¶ 8, Exhibit A, Notice of Removal [etc.], Docket No. 1.

[6]Id. at 2, ¶¶ 8-9.

[7]Id. at 2, ¶ 4.

[8]Id. at 2-3, ¶¶ 9-11.

[9]Id. at 3, ¶ 11.

[10]Sentry Action Complaint at 2, ¶ 3, Exhibit A, Defendants' Rule 12(b)(6) Motion (continued...)

Trucking, LLC," filed suit against Page, Tok Automotive Repair, and A Page LLC (referred to collectively herein as the "Page defendants") in state court.[11] Sentry alleged that it had paid Richner "for the damage to the Semi," which was a total loss, and thus it "became subrogated by contract and by law to the rights of its insured against" the Page defendants.[12] The Sentry complaint contained four counts. Count I was a negligence claim against Page.[13] Count II was a negligence per se claim against Page.[14] Count III was a vicarious liability claim against Tok Automotive Repair and A Page LLC.[15] Count IV was a negligent entrustment claim against Tok Automotive Repair.[16]

On April 9, 2021, the Page defendants filed an answer and third-party complaint for allocation of fault in the Sentry action.[17] The Page defendants were purportedly represented by counsel provided by Colonial Insurance. In their third-party complaint, the Page

---

[10](...continued)
[etc.], Docket No. 15.

[11]Id. at 1.

[12]Id. at 4, ¶¶ 17, 20-21. Sentry alleged in its complaint that "A Page LLC has been doing business as Tok Automotive Repair since on or before December 18, 2020[.]" Id. at 2, ¶ 5.

[13]Id. at 4-5, ¶¶ 22-25.

[14]Id. at 5, ¶¶ 26-31.

[15]Id. at 5-6, ¶¶ 32-34.

[16]Id. at 6, ¶¶ 35-40.

[17]Exhibit 2, Plaintiffs' Opposition [etc.], Docket No. 18.

defendants alleged that Dukellis' negligence caused the accident and that Richner was vicariously liable for Dukellis' negligence.[18] In their prayer for relief, the Page defendants requested that fault be allocated to Dukellis and Richner.[19]

Plaintiffs commenced this action on November 16, 2021, in state court, and defendants removed this action to federal court on July 19, 2022.[20] Plaintiffs' complaint contains three counts. Count I is a negligence claim against Dukellis. Count II is a vicarious liability claim against Richner. Count III is a claim based on Dukellis' alleged violation of driving regulations. And, although not alleged in one of the numbered counts in the complaint, Julie Page appears to be asserting a loss of consortium claim.

In July 2022, the parties in the Sentry action reached a settlement. The Release and Settlement of Claims provided that it

> was expressly limited to claims asserted in the Lawsuit, and is not intended to settle or otherwise resolve any claim asserted by Alan Page or Julie Page in the separate lawsuit entitled <u>Alan Page and Julie Page v. Jess Dukellis and Richner Trucking, LLC</u>, ... nor does this settlement constitute a waiver of any defenses third-party defendants Jesse Dukellis and Richner Trucking, LLC, may have in the separate lawsuit....[[21]]

---

[18]<u>Id.</u> at 8-9, ¶¶ 11-12.

[19]<u>Id.</u> at 9, ¶ 12.

[20]Richner had not been served until July 17, 2022, and at the time of removal, Dukellis had not yet been served. Notice of Removal [etc.] at 2-3, Docket No. 1.

[21]Exhibit 4 at 1-2, Plaintiffs' Opposition [etc.], Docket No. 18.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, defendants now move to dismiss plaintiffs' complaint.

Discussion

Although defendants have moved to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6), the court cannot treat the instant motion as a Rule 12(b)(6) motion because it was filed after defendants filed their answer. "A Rule 12(b)(6) motion must be made <u>before</u> the responsive pleading." Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 954 (9th Cir. 2004). Although both defendants' answer and the motion to dismiss were filed on October 7, 2022, defendants filed their answer first.[22] Thus, the court must treat the instant motion as "a motion for judgment on the pleadings, pursuant to Rule 12(c)...." Id. "[W]hen ruling on" a Rule 12(c) motion, "'courts must consider the complaint in its entirety, as well as other sources ..., in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" Webb v. Trader Joe's Co., 999 F.3d 1196, 1201 (9th Cir. 2021) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)). If, however, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Here, both plaintiffs and defendants have submitted evidence beyond the pleadings,[23] which the court has considered, which means that the instant motion must be

---

[22]Docket No. 13.

[23]Although some of the evidence consists of filings in the Sentry action, the parties (continued...)

converted to a motion for summary judgment.[24]  Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

Defendants move to dismiss plaintiffs' complaint on the grounds that Page's personal injury claims are compulsory counterclaims that should have been asserted in the third-party complaint the Page defendants filed in the Sentry action.  "The question whether" Page's "claims are compulsory counterclaims which should have been pleaded in the earlier [Sentry] state court action is a question of state law."  Pochiro v. Prudential Ins. Co. of Amer., 827 F.2d 1246, 1249 (9th Cir. 1987).  "A party's failure to assert a compulsory counterclaim bars it from bringing a later independent action on that claim."  Ellingstad v. State, Dep't of Natural Resources, 979 P.2d 1000, 1010 (Alaska 1999).

---

[23](...continued)
have, to some extent, offered these filings "to prove the truth of assertions included in the filings."  Bell v. Davis, 430 F.Supp.3d 718, 723 (D. Or. 2019).  "A court may take judicial notice of the existence, content, and operative effect of a court record or filing, but generally may not take notice of court records to prove the truth of assertions included in the filings."  Id.

[24]If the court converts a Rule 12 motion to a summary judgment motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  However, formal notice is not required, particularly when, as here, the parties are represented.  Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004).  "A represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment."  Id. (citation omitted).

Alaska Rule 13(a) provides:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

There is no dispute that Page's personal injury claims arose out of the same motor vehicle accident that was the basis of the claims asserted by Sentry. That does not, however, mean that Page's personal injury claims are compulsory counterclaims. "By its terms rule 13(a) applies to pleadings between opposing parties." Miller v. LHKM, 751 P.2d 1356, 1359 (Alaska 1988) (emphasis added). At the time Page answered the Sentry complaint, the only party which had asserted claims against Page was Sentry. In other words, the only "opposing party" was Sentry. Dukellis and Richner had not asserted any claims against Page and thus could not be considered "opposing parties." If Dukellis and Richner had asserted claims against Page, then Page would have had to assert his personal injury claims as compulsory counterclaims in connection with his answer to the Sentry complaint. But, because Sentry was the real party in interest and the only "opposing party" at that time, Page was not required to assert his personal injury claims against Dukellis and Richner in the Sentry action.

The cases relied on by defendants in their opening brief, Baker v. Duffus, 441 P.3d 432 (Alaska 2019), Dickerson v. Goodman, 161 P.3d 1205 (Alaska 2007), and Wells v. Noey, 399 P.2d 217 (Alaska 1965), are not to the contrary. Baker and Wells involved the question of whether the claims in the first action were logically related to the claims being

-7-

asserted in the second action. Neither case involved an "opposing party" issue. Likewise, there was no "opposing party" issue in Dickerson. Rather, the issue there was whether Dickerson's claim was mature at the time she filed her answer to the opposing party's claim.

The case relied on by defendants in their reply brief, Ace American Insurance Company v. Neilson, Case No. C08-1367-JCC, 2009 WL 10676387, (W.D. Wash. Aug. 11, 2009), is equally unhelpful. Neilson involved the collision of "two marine vessels," one of which was operated by Kyle Kittoe and one of which was operated by Andrew Neilson. Ace Amer. Ins. Co. v. Neilson, Case No. C08-1367-JCC, 2009 WL 10676386, at *1 (W.D. Wash. July 9, 2009). Kittoe was insured by Ace American and Neilson was insured by Continental Casualty Company ("CCC"). Id. Ace American brought suit against Neilson and CCC, and Neilson filed a third-party complaint against Kittoe and his wife. Id. The Kittoes answered the third-party complaint and then later sought to amend their answer "to add a personal injury counterclaim" against Neilson. Neilson, 2009 WL 10676387, at *1. The court found that this "new personal injury counterclaim" was a compulsory counterclaim. Id.

Defendants argue that Neilson stands for the proposition that "compulsory [counter]claims may arise as a result of asserting 'apportionment of fault' claims."[25] Defendants insist that because Page chose to add Dukellis and Richner to the Sentry action for purposes of allocating fault, he should have asserted any negligence claims he had against them in the Sentry action. Contrary to plaintiffs' contention, defendants argue that the parties

---

[25]Reply to Plaintiffs' Opposition [etc.] at 5, Docket No. 20.

in the Sentry action did not "carve[] out Page's [personal injury] claim so that it could be separately pursued."[26] Rather, defendants point out that the parties in the Sentry action agreed that defendants were not "waiv[ing] their right to do any motion work" in this case "including but not limited to a motion to dismiss [Page's] personal injury claim based on the fact that it should have been raised as a compulsory counterclaim."[27]

Neilson does stand for the proposition that a third-party defendant's counterclaims may be compulsory counterclaims. But, this case does not involve a third-party defendant's counterclaims. In the Sentry action, Page was not a third-party defendant but rather was a defendant and a third-party plaintiff. Had Dukellis and Richner, who were third-party defendants, asserted counterclaims against Page in the Sentry action, Page would have been required to assert his personal injury claims in that action. But, as discussed above, Dukellis and Richner did not assert any claims against Page in the Sentry action. The only "opposing party" to Page in the Sentry action was Sentry. Because Dukellis and Richner were not "opposing parties" in the Sentry action, the personal injury claims Page has asserted in this action simply do not fit the Rule 13(a) definition of a compulsory counterclaim.

## Conclusion

Defendants' motion to dismiss, which the court has treated as a motion for summary judgment, is denied. As a matter of law, Page's personal injury claims against Dukellis and

---

[26]Plaintiffs' Opposition [etc.] at 9, Docket No. 18.

[27]Settlement on Record at 2:20-2:50, Exhibit A, Reply to Plaintiffs' Opposition [etc.], Docket No. 20.

-9-

Case 4:22-cv-00018-HRH   Document 21   Filed 12/27/22   Page 9 of 10

Richner are not compulsory counterclaims that Page should have asserted in the Sentry action.

DATED this 27th day of December, 2022.

/s/ H. Russel Holland
United States District Judge